UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re:                                              :
                                                    :
    HEATHER MOORE                      : Chapter 13
      and                              :
    GREGORY A. MOORE, II                :
                                                    :
        Debtors                      : Bankruptcy No.  20-12881AMC

**MOTION TO DISALLOW FIRST GUARANTEE MORTGAGE
CORPORATION'S POST PETITION COUNSEL FEES AS UNREASONABLE**

      Scott F. Waterman, Esquire, Standing Chapter 13 Trustee, ("Trustee") moves the Court pursuant to Sections 105 and 1322 of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 3002.1(e) for the entry of an order disallowing First Guaranty Mortgage Corporation's ("First Guaranty's") postpetition attorney's fees and costs.  In support of his motion the Trustee states as follows:

      1.      On September 10, 2020 First Guaranty filed a secured Proof of Claim in the amount of $180,347.22 with an arrears of $2,125.91 for a residential mortgage on the Debtors' home located at 2832 Phipps Ave., Willow Grove, PA  19090.  A copy of the Proof of Claim is attached as Exhibit "A."

      2.      Thereafter, on January 4, 2021 First Guaranty filed a Notice of Postpetition Mortgage Fees, Expenses and Charges seeking $1,175.00 for attorney's fees and $60.00 for three separate property inspections dated on September 29, 2020, October 26, 2020 and November 23, 2020.  A copy of the Notice is attached as Exhibit "B."

      3.      First Guaranty is seeking payment of $1,175.00 in attorney's fees for a residential mortgage which was less than three months in arrears pre-petition.

1

4. Act 6 is Pennsylvania's general usury law. See Police v. Nat'l Tax Funding, 225 F.3d 379, 392 (3d Cir. 2000); 41 Pa. Cons. Stat. § 101 et seq.

5. The statute serves several purposes. One is to set maximum interest rates. See 41 P.S. §§ 201, 301-303. Another is to regulate the mortgage foreclosure process in order to provide protections to help homeowners avoid the foreclosure and loss of their homes. See, e.g. Ayers v. Philadelphia Hous. Auth., 908 F.2d 1184, 1187 (3d Cir. 1990); Wells Fargo Bank N.A. v. Spivak, 104 A.3d 7, 16 (Pa. Super. Ct. 2014).

6. The notice provisions of Act 6 merely regulate the foreclosure process, by "postpon[ing] the exercise of [the mortgagee's] right to accelerate until after the mortgagor had received notice of and opportunity to cure a default." Johnson v. Phelan Hallinan & Schmieg, LLP, 2018 WL 2452003, at *7 (Pa. Super. Ct. June 1, 2018).

7. Act 6 originally applied to residential mortgages which had an original principal balance of under $50,000.00. 41 P.S. §101. In 2008 the legislature increased the ceiling to $217,873.00 (thereby increasing the scope of Act 6's coverage).

8. The mortgage at issue was prepared on March 25, 2016. See First Guaranty's Proof of Claim and the original principal amount of the loan was $196,347.00.

9. Act 6's statutory pre-foreclosure notice requirements apply to First Guaranty's residential mortgage claim. 41 P.S. §403(a). See Faulkner v. MT Bank, (In re Faulkner), Adv No. 17-276 (Bankr.E.D. Pa. 2018)(J.Frank).

10. As amended, no attorney fees may be charged for legal expenses incurred for a residential mortgage prior to or during the 30-day notice period provided under

section 406 of the Loan Interest and Protection Law.  See 68 Pa.C.S. §2311, which amended Act 6 on December 11, 2018.

11.     Upon information and belief, at no time prior to the bankruptcy filing did First Guaranty send any Notice(s) to the Debtors in compliance with Act 6 regarding its claim filed in this case.

12.     Because First Guaranty did not send an Act 6 Notice or commence a foreclosure suit against the Debtors, Act 6 prohibits it from charging the Debtors attorney's fees or other charges unauthorized by §§404 or 406.  See 41 Pa. Stat. Ann. §§ 404, 406. In re Stanley, 2018 WL 297852 (Bankr.M.D. Pa. 2018); In re Schwartz, 68 B.R. 376 (Bankr.E.D. Pa. 1986); In re Faulkner, above.

13.     Accordingly, First Guaranty is prohibited from seeking attorney's fees for this matter.  See In re Faulkner.

14.     A number of courts have held that preparing a proof of claim is merely a ministerial act, and the creditor is not entitled to fees.  See In re Madison, 337 B.R. 99, 105 (Bankr. N.D. Miss. 2006); In re Allen, 215 B.R. 503 (Bankr.N.D. Tex. 1997); In re Banks, 31 B.R. 173 (Bankr.N.D. Ala 1982)(creditor not entitled to a fee for preparation of proof of claim where the filing of such did not require legal training or involve the practice of law); In re Staggie, 255 B.R. 48, 56 (Bankr.D. Idaho 2000).

15.     Even if First Guaranty entered into an agreement with an attorney to pay $1,175.00 to review the Debtors' plan and draft a proof of claim, "such a flat fee arrangement represents a bargain struck by the client and the attorney and, while the flat fee is binding upon those parties, it is not necessarily binding on a debtor or bankruptcy

estate from whom reimbursement is sought pursuant to 506(b) or section 1322(e)." In re Bartch, 2009 WL 3583215 at *3 (Bankr.M.D. N.C. 2009).

16. First Guaranty's postpetition fees are unreasonable and should be disallowed.

17. The Trustee believes that First Guaranty may have a pattern and practice of seeking reimbursement of counsel fees in violation of Pennsylvania law.

18. Separately, there is no reasonable basis for First Guaranty to undertake three successive monthly property inspections of the Debtors' property and therefore 2/3 of the $60.00 fee or $40.00 should be denied.

**WHEREFORE**, pursuant to Federal Rule of Bankruptcy Procedure 3002.1(e) the Trustee requests this Court disallow First Guaranty's postpetition fees and $40.00 in property inspection fees as listed in its January 4, 2021 Notice, and pursuant to 11 U.S.C. §105 require First Guaranty to submit an accounting of all Notices of Postpetition Mortgage Fees, Expenses and Charges filed in Pennsylvania within the last 12 months where it has sought attorney's fees for residential mortgages where no Act 6 Notice was sent pre-petition, and grant such other and further relief as is just and proper.

Respectfully Submitted,

Dated: January 12, 2021    By:    */s/Scott F. Waterman*
Scott F. Waterman, Esquire
Standing Chapter 13 Trustee
2901 St. Lawrence Avenue, Suite 100
Reading, PA  19606
Telephone:  (610) 779-1313

4