**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)**

| | |
|---|---|
| In Re: | : |
| | : |
| HEATHER MOORE | : CHAPTER 13 |
| xxx-xx-7325 | : |
| | : CASE NO.20-12881/AMC |
| GREGORY A MOORE, II | : |
| xxx-xx-5096 | : |
| Debtor. | : |
| | |
| | : |
| SCOTT F. WATERMAN | : |
| Chapter 13 Trustee/Movant, | : |
| v. | : |
| | : |
| First Guaranty Mortgage Corporation | :Hearing Date: February 10, 2021 @ 11:00 a.m. |
| Secured Creditor/ | : |
| Respondent. | : |
| | : |

**FIRST GUARANTY MORTGAGE CORPORATION'S ANSWER/RESPONSE TO**
**CHAPTER 13 TRUSTEE'S MOTION TO DISALLOW**
**POST-PETITION COUNSEL FEES AS UNREASONABLE**

And now comes, Secured Creditor, First Guaranty Mortgage Corporation, ("FG"), by and through its attorney, Emmanuel J. Argentieri, Esquire of Romano Garubo & Argentieri, LLC and responds to the Chapter 13 Trustee's motion as follows:

1. Admitted.

2. Admitted.

3. Admitted. FG is seeking $1,175.00 for fees and costs incurred in the pending bankruptcy case and $60.00 for three property inspections conducted during bankruptcy. As to the balance of this averment, the proof of claim is a document which speaks for itself.

4. No response is required as the allegation is a conclusion of law.

  5. No response is required as the allegation is a conclusion of law.

  6. No response is required as the allegation is a conclusion of law.

  7. No response is required as the allegation is a conclusion of law.

  8. Admitted. The document speaks for itself.

  9. Admitted that Act 6 would apply to any foreclosure case brought by FG. Denied as to the relief being sought by the Chapter 13 Trustee herein.

  10. No response is required as the allegation is a conclusion of law. To the extent Chapter 13 Trustee contends this legal conclusion supports the relief being sought, FG denies same and demands strict proof.

  11. Admitted. The bankruptcy petition was filed after the mortgage account went into default, but prior to FG serving Act notices.

  12. No response is required as the allegation is a conclusion of law. To the extent Chapter 13 Trustee contends this legal conclusion supports the relief being sought FG denies same. Moreover, the cases cited by the Chapter 13 Trustee are not binding authority on this Court. They consist of unreported decisions or are issued by another bankruptcy court. *See; In re Boyd*, 401 B.R. 137, 141 (Bankr.D.N.J. 2008). They can also be distinguished. The *Stanley* case is unreported and not provided with the Trustee's motion. Thus, it should not be considered.[1]

 The *Schwartz* bankruptcy case commenced after the Act 6 notice was issued, but prior to a foreclosure case being commenced. The *Schwartz* case found Act 6 to not be applicable as it exceeded the statutory limit for mortgages covered by the Act, but the court shoe-horned the case into the Act finding the parties "intended to be bound by it by their conduct." *Id.* 381. The

---

[1] The Trustee cites and relies on numerous unreported decisions, but fails to attach same to his papers. Accordingly, the cases should not be considered.

*Schwartz* court also read the Act to not intend the filing of a bankruptcy petition to constitute the "commencement of other legal action" which would trigger the right of a mortgagee to seek reimbursement of expenses incurred due to the Debtor's default under the loan documents despite provisions in the loan documents which allowed for same to achieve the court's desired result due to economic conditions existing at that time. *Id*. 382.[2] FG respectfully disagrees with the *Schwartz* court's conclusions and submits they are not biding as to this matter as set forth below.

Similarly, the *Faulkner* case involved whether or not the creditor had an enforceable claim against the Debtor in the first instance based on the convoluted procedural history of the case. Due to the history of the *Faulkner* case, the Court opined that all of the foreclosure fees and costs sought by the mortgagee in its proof of claim could be disallowed as unreasonable because same were incurred in connection with legal proceedings that were deficient from the start due to the mortgagee's failure to issue an Act 6 notice before filing its foreclosure complaint. FG contends that the *Faulkner* case is not a blanket statement which requires an Act 6 notice to be served pre-bankruptcy filing as a prerequisite to a creditor being reimbursed for reasonable fees/costs incurred by the creditor due to the Debtor's default under the loan documents and which fees/costs are expressly allowed under the loan documents as well as the code and rules controlling same.

In this case, the Debtors defaulted on their mortgage. Before an Act 6 notice could be issued, Debtors filed this chapter 13 petition. Notwithstanding, certain fees and costs result from the Debtors' default and actions in filing this petition; to wit: FG had to take action, which has a cost, to protect its interest in the collateral. This action and the expenses that flowed from the

---

[2] The *Schwartz* case arose in the context of a motion for relief from stay and the Debtor's objection to the mortgagee's demand for reimbursement of reasonable fees and costs for having to file same due to Debtor's default with post-petition mortgage payments.

Debtors' default were agreed by the parties to be reimbursable to FG under paragraph 9 of the mortgage agreement. Moreover, FG submits counter to the *Schwartz* holding that the filing of this petition did constitute the commencement of other legal action with respect to a residential mortgage under Act 6 which allows FG to be reimbursed for its expenses incurred due to Debtors' default.

If the *Schwartz* holding is controlling, then theoretically a debtor could continually default on post-petition mortgage payments or fail to maintain the property; or taxes and insurance accruing against the realty and any action taken by a secured creditor to enforce the agreement under controlling bankruptcy statutes; rules and interpretive case law would be deemed unenforceable merely because an Act 6 notice was not served pre-petition.[3] Such a result is fundamentally unfair and not what the plain language of Act 6 states. Accordingly, FG is seeking reimbursement for reasonable fees and costs incurred due to Debtor's default under the note and mortgage as agreed to by the parties pursuant to paragraph 9 of the mortgage. A copy of the mortgage is attached hereto as **Exhibit A.**

13.     No response is required as the allegation is a conclusion of law. Notwithstanding, FG denies the Trustee's conclusion for the reasons set forth in paragraph 12 herein.

14.     No response is required as the allegation is a conclusion of law. Moreover, notwithstanding the fact that the Trustee's averment is insulting, the cases cited by the Trustee are not binding authority on this Court. Additionally, other than those cases cited by Trustee, courts have held that a creditor is entitled to reimbursement of legal fees incurred by it to prepare and file a proof of claim having found the service to be valuable legal services. *See; In Re:*

---

[3] Likewise, a debtor could file an unconfirmable plan to which the creditor objects and then the debtor could file an unconfirmable amended plan; and then a second unconfirmable amended plan, etc. Based on the arguments advanced by the Trustee under the cases cited, a secured creditor would never be entitled to be reimbursed for fees and costs incurred to protect its rights in the collateral for which it bargained.

*Lighty*, 513 B.R. 489 (Bankr. D.S.C. 2014). Since this case was filed, FG retained counsel to a) review the petition, schedules and plan; b) prepare an objection to the Debtor's proposed plan as it failed to provide for repayment of US Bank's pre-petition arrearage claim in the amount of $2,125.91; c) prepare and file US Bank's pre-petition proof of claim and d) prepare and file the 410a form. The fees incurred for each of these bankruptcy services are in accordance with the FNMA allowable fee schedule for same and presumed reasonable. *See;* 68 Pa.C.S. §2311. Please see **Exhibit B**. They are as follows:

    a)    Review of Debtor's petition, schedules and Chapter 13 plan - $300.00

    b)    Prepare proof of claim/410a form - $350.00

    c)    Object to Debtor's plan - $500.00

    d)    Costs to serve objection to plan and proof of claim on Debtors - $25.00

Likewise, since the filing on July 2, 2020, FG has inspected the subject property securing its account three times at $20.00 per inspection over a six month period to confirm the property/collateral is being maintained in accordance with the mortgage documents.

15.    No response is required as the allegation is a conclusion of law. Notwithstanding, FG adopts its position set forth in paragraph 14 herein.[4]

16.    Denied. FG's post-petition fees should be allowed pursuant to 11 *U.S.C.* §1322(e).

17.    FG objects to this conclusion which has no basis in fact other than the Trustee's mere conjecture, belief and/or speculation. Moreover, Trustee's demand to have FG submit an "accounting of all PPFNs filed in Pennsylvania bankruptcy courts within the last twelve months

---

[4] Once again, the Trustee cites an unreported case and does not attach it to his pleadings. Thus, it should not be considered in this matter. Notwithstanding, review of that case, while not binding on this Court, held the creditor's PPFN for fees allowable as being reasonable. The Trustee merely cites to dicta in the case to argue his point about flat fees. *See; In re Bartch*, 2009 WL 3583215 at *3 (Bankr.M.D.N.C. 2009).

where it has sought attorney fees for residential mortgages where no Act 6 was sent pre-petition" is unreasonable, without basis, punitive and overzealous.  It would cause FG to undertake a costly and over burdensome project because of one case where the law is not clear.  Likewise, this Trustee has no standing to assert such a demand as the other Trustees administering cases in this jurisdiction are fully capable of managing their files if they believe an issue exists.[5] [6]

WHEREFORE, FG respectfully requests that the Chapter 13 Trustee's motion be denied and that its PPFN be allowed as filed and paid by the Trustee in normal course in accordance with 11 *U.S.C.* §1322(e).

                                              Respectfully submitted,
                                              Romano Garubo & Argentieri

                                              /s/EMMANUEL J. ARGENTIERI
                                              EMMANUEL J. ARGENTIERI

Date:  1/25/2021

ROMANO GARUBO & ARGENTIERI
Emmanuel J. Argentieri, Esquire/59264
52 Newton Avenue, P.O. Box 456
Woodbury, New Jersey 08096
(856) 384-1515
eargentieri@rgalegal.com

---

[5]  It should be noted that FG filed its PPFN on January 4, 2021.  On January 4, 2021, the Trustee contacted counsel for FG demanding that the PPFN be withdrawn by January 11, 2021 or he would file this motion even though he has a year to object under F.B.R.P. 3002.1(e).  Counsel had numerous communications with the mortgage servicer who was waiting for authorization by FG to waive the fees at issue versus litigating same.  Before counsel could obtain and convey FG's position, the Trustee commenced claim litigation wherein he seeks unreasonable and onerous relief.

[6]  Debtor's counsel has not objected to FG's PPFN to date.